UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KNIGHT TEXTILE CORPORATION and
KNIGHT APPAREL CORPORATION,                    07 CV 4763    Rakoff, J.
                                                              Peck, M.J.

                             Plaintiffs,            COMPLAINT
    - against -

THE MILWORK TRADING COMPANY LTD,               ECF Case
d/b/a LI & FUNG USA,

                             Defendant.
_____

        Plaintiffs Knight Textile Corporation and Knight Apparel Corporation (collectively "Knight"), by way of Complaint against the above-named defendant, allege as follows:

Nature of this Action

        This is an action for breach of contract, failure to remit payments and an accounting, as the defendant has failed to pay monies due and owing Knight pursuant to an acquisition agreement entered into by the parties hereto.

The Parties

        1.    Knight Textile Corporation is a Delaware corporation with its principal offices at 310 South Main Street Saluda, South Carolina, 29138. Knight Apparel Corporation is also a Delaware corporation with its principal offices at 310 South Main Street Saluda, South Carolina, 29138. These two Knight entities were in the business of designing, manufacturing through third parties, marketing and selling clothing apparel.

        2.    Defendant The Millwork Trading Company, Ltd., d/b/a Li & Fung USA ("Defendant") is Delaware company, which, upon information and belief, has its principle

offices at 1359 Broadway, New York, NY , 10018-7102.  Defendant, among other things, is in the business of selling clothing apparel.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. 1332(a) because the matter in controversy exceeds $75,000, exclusive of costs and interest, and is between: (i) foreign corporations; and (ii) a corporation which maintains a principal place of business in New York.

4. Venue is proper in this district pursuant to 28. U.S.C. 1391(a) and (c) because a substantial part of the events giving rise to the claim occurred in this district and defendant is subject to personal jurisdiction in this district.

## Factual Background

5. Knight entered into a March 5, 2004 asset purchase agreement with Defendant whereby Knight sold to Defendant, *inter alia*, certain trademarks, unfilled customer purchase orders, inventory of finished goods, patterns, samples and other assets (the "Contract").

6. Pursuant to the terms of the Contract, Defendant was to pay Knight as the purchase price a sum of money which was to be determined in accordance with a formula set forth in the Contract, which was based on a percentage of gross sales, and which would be earned and payable to Knight during the three-year period following the March 5, 2004 closing.

7. Defendant's payment obligations were due quarterly, and were to be accompanied by a written statement which was to include, in reasonable detail, gross sales and how that amount was calculated.

8. Contrary to its contractual obligations, Defendant consistently failed to provide the required quarterly accounting which would inform Knight as to what amounts were owed by Defendant, despite demand having been made for same.

9. Defendant also consistently failed to remit timely payments, and when it did make payments did so only after repeated demands for same and only after significant delays.

10. In light of Defendant's contractual breaches, Knight was forced to send auditors to examine the books and records of Defendant.

11. Knight's auditors have determined that Defendant owes $398,581.63 to Knight under the terms of the Contract, which amount Defendant has failed to pay.

12. Through legal counsel Knight has made due demand upon Defendant for payment of the amount due, which demand Defendant has refused, arguing instead that it owes Knight only $1,998.00.

### First Cause of Action
### (Breach of Contract)

13. Knight repeats and realleges the allegations contained in paragraphs 1 through 12 as if set forth fully herein.

14. Defendant was obligated by the Contract to provide an accounting and remit the appropriate payment to Knight for all gross sales that Defendant made.

15. Defendant, by failing to provide an accounting and remit payments due and owing to Knight despite demand for same having been made, has breached its contractual obligations to Knight.

16. As a result of said breach, Knight has been damaged in an amount not less than $398,581.63, plus interest.

## Second Cause of Action
(Money Had and Received)

17. Knight repeats and realleges the allegations contained in paragraphs 1 through 16, as if set forth fully herein.

18. Upon information and belief, Defendant has received money belonging to Knight, to wit, the monies defendant received from gross sales, a percentage of which belongs to Knight. Defendant has benefited from receipt of these monies and under principles of equity and good conscience, it should not be permitted to keep that percentage of gross sales that belongs to Knight.

19. Based on the foregoing, Defendant should be ordered to pay all monies due and owing to Knight that were improperly withheld by Defendant which, upon information and belief, is not less than $398,581.63, plus interest.

## Third Cause Of Action
(Conversion)

20. Knight repeats and realleges the allegations contained in paragraphs 1 through 19, as if set forth fully herein.

21. Defendant, without authority, exercised dominion and control over the property of Knight, to wit, the monies defendant received from gross sales, a percentage of which belongs to Knight, thereby interfering with Knight's right to possession of said monies.

22.     Knight has an immediate superior right of possession to said monies and, by failing to remit said monies to the Knight despite demand for same having been made, Defendant has exercised an unauthorized dominion over that property, to the exclusion of Knight's rights.

23.     Based on the forgoing, Knight is entitled to damages in an amount not less than $398,581.63, plus interest, which represents the amounts unduly withheld to date.

## Fourth Cause of Action
### (Demand For An Accounting)

24.     Knight repeats and realleges the allegations contained in paragraphs 1 through 23, as if set forth fully herein.

25.     Under the terms of the Contract, Knight is entitled to a quarterly accounting as it pertains to the Defendant's gross sales.

26.     Defendant, although duly demanded, as failed to submit to the Company such quarterly accountings.

27.     Based on the foregoing, Knight is entitled to an immediate accounting from Defendant.

**WHEREFORE**, plaintiffs Knight Textile Corporation and Knight Apparel Corporation demand judgment against defendant The Millwork Trading Company, Ltd., a/k/a/ Li & Fung USA:

a)      On the First Cause of Action, awarding plaintiff damages, in the amount of no less than $398,581.63, plus interest;

b) On the Second Cause of Action, awarding plaintiff damages in the amount of no less than $398,581.63, plus interest;

c) On the Third Cause of Action, awarding plaintiff damages in the amount of no less than $398,581.63, plus interest;

c) On the Fourth Cause of Action, directing Defendant to provide an accounting to Knight concerning all gross sales; and

d) For such other and further relief as this Court may deem just and proper, including the imposition of costs and attorneys' fees.

Dated: New York, New York
       June 4, 2007

/s_____
Martin Murray (MM – 5103)

Law Offices of Martin J. Murray
475 Park Avenue South, 25th Floor
New York, NY  10016
(212) 725-2044

Counsel to Plaintiffs
Knight Textile Corporation and
Knight Apparel Corporation

To:   Craig T. Mierzwa
      Salans
      Rockefeller Center
      620 Fifth Avenue
      New York, NY  10020-2457

      Counsel for Defendant